# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20300
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 17, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appelleebr

v.

BRIAN ALAN MATALKA,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-35-1

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Brian Alan Matalka pleaded guilty to one count of receipt and one count of possession of child pornography. He challenges the district court's imposition of a $10,000 special assessment ($5000 per count) pursuant to 18 U.S.C. § 3014(a)(3) based in part on a finding that he was not indigent. The Government has moved to dismiss the appeal, seeking to enforce the appeal waiver provision in Matalka's plea agreement. We need not decide whether

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20300

Matalka's appeal waiver bars a § 3014(a)(3) challenge because the appeal is "easily resolved on the merits." *See United States v. Graves*, 908 F.3d 137, 140 (5th Cir. 2018), *cert. denied,* 139 S. Ct. 1360 (2019) (citation omitted).

Matalka raises his non-indigency argument for the first time on appeal, so the district court's finding is reviewed only for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Section 3014(a)(3) mandates a $5000-per-count special assessment against "any non-indigent person" convicted of certain child-exploitation crimes. Matalka has the burden of proving his indigence. *See United States v. Streaty*, 735 F. App'x 140, 141 (5th Cir. 2018) (citing *United States v. Magnuson*, 307 F.3d 333, 335 (5th Cir. 2002)).

When making a § 3014 indigence determination, the district court is to consider the defendant's current financial situation and his ability to pay in the future. *Graves*, 908 F.3d at 142. "[A] district court must impose the assessment unless it finds the defendant could not pay it today—or at any point for the next twenty years." *Id.* at 141; *see also* 18 U.S.C. §§ 3014(g), 3613(b). That it may be difficult for a defendant to satisfy his financial obligations after his release from prison does not make him indigent. *Graves*, 908 F.3d at 143 & n.2. Here, Matalka's PSR states that he has a college degree and has been employed by Hilton and Marriott in various capacities, at one point earning $44,000 per year. Given these facts, the district court did not plainly err in deeming him non-indigent based on his ability to pay after his release from prison. *See Graves*, 908 F.3d at 143.

Accordingly, the judgment is AFFIRMED, and the Government's motion to dismiss is DENIED.